# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# PINE BLUFF DIVISION

KEVIN RAY PEARCY,                                                                                          PLAINTIFF
ADC # 146408

v.                                         5:14CV00348-JLH-JJV

JULIA PARTAIN, Licensed Certified
Social Worker, Varner Unit, ADC                                                                        DEFENDANT

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge J. Leon Holmes. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in a waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a new hearing for this purpose before either the District Judge or Magistrate Judge, you must, at the time you file your written objections, include the following:

1.   Why the record made before the Magistrate Judge is inadequate.

2.   Why the evidence to be proffered at the new hearing (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.   The details of any testimony desired to be introduced at the new hearing in the form

1

of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing. Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

**DISPOSITION**

Pending before the Court is Defendant's Motion to for Sanctions ("Motion") (Doc. No. 17). In support of that Motion, they offer evidence that Plaintiff failed to appear for a scheduled deposition on April 7, 2015. (Doc. No. 17-1 at 5.) Now, Defendant asks that Plaintiff be compelled to pay for the court reporter's fee and that this action be dismissed with prejudice. (Doc. No. 17 ¶¶ 4-5.) Plaintiff has not responded to Defendants' Motion and the time for doing so passed.

Based on the foregoing, the Court recommends that Defendants' Motion be granted in part and denied in part. Pro se litigants are bound by the same rules as lawyers, particularly with regard to discovery requirements. *See Lindstedt v. City of Granby*, 238 F.3d 933, 937 (8th Cir. 2000). Rule 37 of the Federal Rule of Civil Procedure provides that a party may be sanctioned for failing to appear at a properly noticed deposition. Fed. R. Civ. P. 37(d)(1)(A)(i). Here, based on Plaintiff's failure to either appear for his deposition or respond to Defendants' Motion, the Court concludes that the proper sanction is dismissal of this action.[1] That dismissal should be without prejudice. The Court will also recommend that Defendant's request for the court reporter's fee be denied. If, however, Plaintiff wishes to revisit this matter in the future it is recommended that he be required

---

[1] Plaintiff was previously apprised of his duty to diligently prosecute this action pursuant to Local Rule 5.5(C)(2). (Doc. No. 3 at 3.)


of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing. Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

**DISPOSITION**

Pending before the Court is Defendant's Motion to for Sanctions ("Motion") (Doc. No. 17). In support of that Motion, they offer evidence that Plaintiff failed to appear for a scheduled deposition on April 7, 2015. (Doc. No. 17-1 at 5.) Now, Defendant asks that Plaintiff be compelled to pay for the court reporter's fee and that this action be dismissed with prejudice. (Doc. No. 17 ¶¶ 4-5.) Plaintiff has not responded to Defendants' Motion and the time for doing so passed.

Based on the foregoing, the Court recommends that Defendants' Motion be granted in part and denied in part. Pro se litigants are bound by the same rules as lawyers, particularly with regard to discovery requirements. *See Lindstedt v. City of Granby*, 238 F.3d 933, 937 (8th Cir. 2000). Rule 37 of the Federal Rule of Civil Procedure provides that a party may be sanctioned for failing to appear at a properly noticed deposition. Fed. R. Civ. P. 37(d)(1)(A)(i). Here, based on Plaintiff's failure to either appear for his deposition or respond to Defendants' Motion, the Court concludes that the proper sanction is dismissal of this action.[1] That dismissal should be without prejudice. The Court will also recommend that Defendant's request for the court reporter's fee be denied. If, however, Plaintiff wishes to revisit this matter in the future it is recommended that he be required

---

[1] Plaintiff was previously apprised of his duty to diligently prosecute this action pursuant to Local Rule 5.5(C)(2). (Doc. No. 3 at 3.)

to pay the court reporter's fee before this action can proceed.

IT IS, THEREFORE, RECOMMENDED THAT:

1. Defendant's Motion for Sanctions (Doc. No. 17) be GRANTED in part and DENIED in part:

   A. This action should be DISMISSED without prejudice due to Plaintiff's failure to diligently prosecute it.

   B. The parties should bear their own costs at this time. If, at some future date, Plaintiff attempts to revisit this matter, he should be required to compensate Defendant Partain for the April 7, 2015, court reporter's fee before being allowed to proceed.

2. The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from any Order adopting these recommendations would not be taken in good faith.

Dated this 12th day of May, 2015.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE